## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

**LORENZO WILLIAMS, a Michigan Individual**

                                         **Plaintiff,**

                                                                **Case No.: 2.25-cv-1185-FKB-DRG**
                                                                **The Hon. F. Kay Behm**

v

**FORD MOTOR COMPANY; and the                    JURY TRIAL**
**UNITED AUTOMOBILE, AEROSPACE &**
**AGRICULTURAL IMPLEMENT WORKERS**
**OF AMERICA, AFL-CIO (FORD MOTOR**
**COMPANY).**

                         **Defendants.**
_____/

Law Offices of Stephon Johnson, PLLC    International Union, UAW
Stephon E. Johnson (P39546)             Nicholas J. Caldwell (P82436)
18444 W. 10 Mile Rd., Ste. 204          Associate General Counsel
Southfield, MI 48075                    8000 E. Jefferson Ave.
(248) 469-8847                          Detroit, MI 48214
stephonjohnsonlaw@gmail.com             ncaldwell@uaw.net
Attorney for Plaintiff                  Attorney for Defendant UAW International
_____/

There is  no other legal civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint, pending in this court, nor has any such action been previously filed and dismissed or transferred, after having been assigned to a judge, nor do I know of any other action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint, that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____/

### PLAINTIFF'S COMPLAINT

**NOW COMES PLAINTIFF, LORENZO WILLIAMS**, by and through his

1

attorneys, THE LAW OFFICES OF STEPHON JOHNSON, PLLC, and for his Complaint states as follows:

## NATURE OF THE CLAIMS

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant Ford Motor Company's unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to his race and disability and Defendants' unlawful retaliation against him after he complained about unlawful discrimination in the workplace in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") and the American with Disabilities Act of 1990, 42 U.S.C. §12101 ("the ADA") .  This is also an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant United Automobile, Aerospace and Agricultural Implement Workers of America's (UAW) and AFL-CIO's (Ford Motor Company) (collectively the "Union") failure or refusal to provide representation to Plaintiff in good faith in violation of the Labor Management Relations Act Section 301, 29 USC Sec. 185 ("LMRA Section 301").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

4.      Prior to the filing of this Complaint, Plaintiff filed a charge with the NLRB and attempted to pursue its claims through the Union.   Plaintiff exhausted his administrative remedies available to him through the Union.

5.      The NLRB ruled against Plaintiff and refused to allow Plaintiff to file a Late Appeal, although Plaintiff showed good cause and a meritorious argument.

6.      Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7.      Plaintiff LORENZO WILLIAMS is a resident of Wayne County, Michigan and as an African American man, is a member of a protected class.  At all relevant times, Plaintiff is and has been a resident of the State of Michigan and met the definition of an "employee" under all applicable statutes.

8.      Defendant Ford Motor Company is a Michigan corporation with a world-wide base of operations.  Defendant Union is a Michigan corporation with a world-wide base of operations.

## FACTUAL ALLEGATIONS

9.      Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1 through 8 as though fully set forth herein.

10.     Plaintiff began working for Defendant Ford Motor Company ("Ford") at the Dearborn Truck Plant in March of 2019.

11.     In June of 2019, Plaintiff was discharged.

12.     Following the discharge, which Defendants note was during Plaintiff's probationary period, Plaintiff filed a grievance with the Union.

3

13. Although the grievance continued through the third step of the grievance process, it was withdrawn by the Union.  Plaintiff sought to appeal from the Union's decision to withdraw the grievance.  The Union breached its duty of fair representation to Plaintiff by failing to pursue his claim against Ford Motor Company, which failure and/or refusal constituted arbitrary, discriminatory and/or bad faith conduct.  Plaintiff avers that the Union acted in bad faith, with improper intent, purpose and/or motive encompassing fraud, dishonesty, and other misleading conduct.

14. Plaintiff requested an extension of time within to file an appeal through the NLRB.

15. The NLRB denied Plaintiff's Petition for Appeal noting that the time had passed. Plaintiff subsequently filed a Petition for a Late Appeal, which Petition the NLRB denied.

## COUNT I

## DISCRIMINATION IN VIOLATION OF SECTION 1981 & the ADA Act

16. Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1 through 15 as though fully set forth herein.

17. Defendants have violated Section 1981 by subjecting Plaintiff to negative employment activities based on Plaintiff's race.

19. As a direct and proximate result of Defendants' unlawful conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

4

20.  As a direct and proximate result of Defendants' unlawful conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

21.  Defendants' unlawful conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT II

### RETALIATION IN VIOLATION OF SECTION 1981 & the ADA Act

22.  Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1 through 21 as though fully set forth herein.

23.  Additionally, on December 4, 2023, upon notification that Plaintiff requested his employment file (which file Plaintiff did not receive), Defendant John Wooden remarked in connection with Plaintiff's file request: "I see that he (Plaintiff) is one of the Plaintiffs at 4763".

24.  Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for his protected accommodation and protected complaints on the basis of race and disability.

25.  As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future

income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

26. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

27. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**COUNT III**

**RACE DISCRIMINATION**

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. This is an action for race discrimination pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq., and the common law of the State of Michigan.

30. At all material times, Plaintiff was an employee, and Defendant was his employer.

31. Plaintiff's race was at least a factor that made differences in Defendant's decision to terminate Plaintiff from his position.

32. Had Plaintiff not been an African American man, he would not have been terminated.

6

33. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the bases of race and sex and acted in accordance with that predisposition.

34. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated white and male employees in the terms and conditions of employment, based on unlawful consideration of age.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff incorporates by reference paragraphs 1 through 34.

36. Defendants' choice to treat Plaintiff in a manner which does not comport with past practices was extreme and outrageous conduct that no reasonable person in a civilized society should be expected to endure.

37. In committing the intentional and outrageous acts described more fully above, Defendants intended to cause Plaintiff severe emotional distress and/or Defendants acted with reckless disregard for the probability of inflicting humiliation, mental anguish, and severe emotional distress on Plaintiff

38. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer humiliation, mental anguish, severe emotional distress, and other special and general damages according to proof.

39. The extreme and outrageous conduct of Defendants as alleged herein, was malicious, despicable, or oppressive in that Defendants acted with full knowledge of the consequences to Plaintiff as alleged herein, with the intent to discredit him,

7

harm his reputation, harass, or retaliate against Plaintiff with a willful, conscious, wanton, and reckless disregard for his rights and for the deleterious consequences and cruel and unjust hardship to resulting to Plaintiff from the conduct of Defendants.  Accordingly, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**COUNT V**

**UNION – FAILURE TO REPRESENT**

40.    Plaintiff incorporates by reference paragraphs 1 through 39.

41.    Defendant Union's Duty of Fair Representation is to serve the interests of all union members without hostility or discrimination toward any one member; to exercise its discretion in complete good faith and honesty; and to avoid arbitrary conduct.

42.    The Union's failure to comply with any of these responsibilities constitutes a breach of its duty of fair representation, both pursuant to state law considerations and pursuant to LMRA Section 301.

43.    Defendant Union's choice to withdraw Plaintiff's grievance and to refuse to appeal his claims over Plaintiff's objections was arbitrary, discriminatory and in bad faith. Failure to continue to the present day to represent Plaintiff caused Plaintiff's efforts to seek recourse via the Union to be demonstrably futile and caused unreasonable delay, placing Plaintiff in danger of timeliness or claims of time-barred actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court issue a judgment on behalf of Plaintiff in his favor and against Defendants and order prospective relief in that the Defendants cease and desist their unlawful activities against Plaintiff and

8

award the following damages:

1. Compensatory damages in an amount that is in excess of One Hundred Thousand ($100,000.00) Dollars, and that is sufficient to compensate Plaintiff for his actual, consequential and incidental losses sustained as a result of Defendants' wrongful actions.

2. Exemplary and/or punitive damages in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, resulting from Defendants' intentional and malicious actions.

3. Interest, costs and reasonable attorney's fees.

Date: October 21, 2025                        Respectfully submitted,

                                              /s/ Stephon E. Johnson

                                              Law Offices of Stephon Johnson, PLLC
                                              Stephon E. Johnson (P39546)
                                              18444 W. 10 Mile Rd., Ste. 204
                                              Southfield, MI 48075
                                              (248) 469-8847

9

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

LORENZO WILLIAMS, a Michigan
Individual

                **Plaintiff,**

                                **Case No.: 2.25-cv-1185-FKB-DRG**
                                **The Hon. F. Kay Behm**

v

FORD MOTOR COMPANY; and the               **JURY TRIAL**
UNITED AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA, AFL-CIO (FORD MOTOR
COMPANY).

                **Defendants.**

_____/

| | |
|---|---|
| Law Offices of Stephon Johnson, PLLC | International Union, UAW |
| Stephon E. Johnson (P39546) | Nicholas J. Caldwell (P82436) |
| 18444 W. 10 Mile Rd., Ste. 204 | Associate General Counsel |
| Southfield, MI 48075 | 8000 E. Jefferson Ave. |
| (248) 469-8847 | Detroit, MI 48214 |
| stephonjohnsonlaw@gmail.com | ncaldwell@uaw.net |
| Attorney for Plaintiff | Attorney for Defendant UAW International |

_____/

### PLAINTIFF'S JURY DEMAND

    **NOW COMES** Plaintiff, by and through its attorneys, The Law Offices of

Stephon Johnson, PLLC, and respectfully requests a trial by jury.

Date:  October 21, 2025                 Respectfully submitted,

                                  /s/ Stephon E. Johnson

                                  Law Offices of Stephon Johnson, PLLC
                                  Stephon E. Johnson (P39546)
                                  18444 W. 10 Mile Rd., Ste. 204
                                  Southfield, MI 48075
                                  (248) 469-8847