UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LORENZO WILLIAMS

    Plaintiff,

v.

FORD MOTOR COMPANY, *et al.*

    Defendants.

Case No.4:25-cv-11858-FKB-DRG

HON. F. Kay Behm

| | |
|---|---|
| STEPHON E. JOHNSON (P39546)<br>Law Offices of Stephon Johnson, PLLC<br>1844 W. 10 Mile Rd. Ste. 204<br>Southfield, MI 48075<br>(248)469-8847<br>*Attorney for Plaintiff* | NICHOLAS J. CALDWELL(P82436)<br>Associate General Counsel<br>International Union, UAW<br>8000 E. Jefferson Ave<br>Detroit, MI 48214<br>ncaldwell@uaw.net<br>*Attorney for Defendant UAW International* |

## **DEFENDANT'S MOTION TO DISMISS**

The United Automobile, Aerospace, and Agricultural Implement Workers of

1

America International Union ("UAW") by and through their attorney, move this Honorable Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. Rule 12(b)(6) for the following reasons:

1. Plaintiff filed this Amended complaint against his former employer, Ford Motor Company, and the UAW on

2. Plaintiff's claims against the UAW are framed as claims for Failure to Represent and Intentional Infliction of Emotional Distress in connection with his employment termination and subsequent grievance.

3. Plaintiff's claims should be framed as "hybrid" Section 301 claim alleging Defendant breached the duty of fair representation by mishandling his grievance and that Defendant Ford Motor Company breached the collective bargaining agreement by wrongfully terminating him.

4. Accordingly, the case is time-barred because breach of contract and duty of fair representation claims brought under Section 301 are subject to a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–70 (1983).

5. Pursuant to LR 7.1, on, counsel attempted to seek concurrence from Plaintiff via phone call and email on November 3, 2025, but concurrence was not obtained.

WHEREFORE, for the reasons stated in the attached brief, Defendants respectfully request that this Court grant this motion and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

International Union, UAW
By: /s/ Nicholas Caldwell
Nicholas Caldwell (P82436)
800 E. Jefferson Ave
Detroit, MI 48214
(313)926-5216
ncaldwell@uaw.net

*Attorney for UAW International*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LORENZO WILLIAMS

    Plaintiff,

v.

FORD MOTOR COMPANY, *et al.*

    Defendants.

Case No.4:25-cv-11858-FKB-DRG

HON. F. Kay Behm

| | |
|---|---|
| STEPHON E. JOHNSON (P39546)<br>Law Offices of Stephon Johnson, PLLC<br>1844 W. 10 Mile Rd. Ste. 204<br>Southfield, MI 48075<br>(248)469-8847<br>*Attorney for Plaintiff* | NICHOLAS J. CALDWELL(P82436)<br>Associate General Counsel<br>International Union, UAW<br>8000 E. Jefferson Ave<br>Detroit, MI 48214<br>ncaldwell@uaw.net<br>*Attorney for Defendant UAW International* |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.    FACTS.......................................................................................................2

III.   ARGUMENT.............................................................................................4

    A. Standard of Review................................................................................4

    B. Plaintiff's Claims Intentional Infliction of Emotional Distress Claim Derives from a Collective Bargaining Agreement and the Duties Owed by a Union to its Members Under Federal Labor Law and are Accordingly Preempted............4

    C. Plaintiff's Claims, Framed Appropriately, Must Be Dismissed Because They Are Untimely and He Failed To Exhaust Internal Union Remedies....................9

    D. Plaintiff's 1981 and ADA Claims Are Not Based on Actions of The Union and Plaintiff Failed to Exhaust Administrative Remedies. ...............................10

IV.   CONCLUSION........................................................................................12

CERTIFICATE OF SERVICE..............................................................................13

i

# TABLE OF AUTHORITIES

## CASES

*Adkins v. General Motors Corp.*, 946 F.2d 1201 (6th Cir. 1991)........................................8

*Allis-Chalmers v. Lueck*, 471 U.S. 202 (1985) .................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...........................................................4

*Clayton v. UAW*, 451 U.S. 679 (1981)...........................................................................9

*DeCoe v. Gen. Motors Corp.*, 32 F.3d 212 (6th Cir. 1994)...........................................5, 8

*DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151 (1983)...........................2, 9

*Gilreath v. Clemens & Co.*, 212 F. App'x 451 (6th Cir. 2007)........................................5

*Hollingsworth v. Ford Motor Co.*, 644 F. App'x 496,(6th Cir. 2016)...............................9

*In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Loc. No. 173*, 983
   F.2d 725 (6th Cir. 1993)........................................................................................2, 6

*Jones v. Truck Drivers Local* 299, 838 F.2d 856 (6th Cir. 1990_ ....................................6

*Keys v. Humana, Inc.,* 684 F.3d 605 (6th Cir. 2012).......................................................4

*Lunn v Aramark*, 2020 WL 871297 (E.D. Mich., Feb. 21, 2020) ...................................7

*Maynard v. Revere Copper Products, Inc.*, 733 F.2d 733 (6th Cir. 1985) ....................6, 7

Merritt v. Int'l Ass'n of Machinists & Aerospace Workers, 613 F.3d 609 (6th Cir. 2010) 5

*Monroe v. UAW*, 723 F.2d 22 (6th Cir. 1983) ...............................................................9

*Motor Coach Employees v. Lockridge*, 403 U.S. 274 (1971)...........................................7

*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir.2000) .........................11

*QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718 (E.D. Mich. 2003) .....................3

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .............................................3

*Vaca v. Sipes*, 386 U.S. 171 (1967) .............................................................5

*Weiner v. Klais & Co., Inc.,* 108 F.3d 86 (6th Cir.1997) .......................................3

*Welch v. General Motors*, 922 F.2d 287 (6th Cir. 1990) .........................................6

## OTHER AUTHORITIES

42 U.S.C. § 2000e–5(e) ........................................................................11

Fed. R. Civ. P. 12(b)(6) ...............................................................2, 4, 11

Section 301 of the LMRA, 29 U.S.C. § 185. ...............................................passim

42 U.S.C. § 2000e–5(f)(1) .....................................................................11

### STATEMENT OF ISSUES PRESENTED

1. To the extent Plaintiff is attempting to allege a state law intentional infliction of emotional distress claim, whether that claim against Defendants should be dismissed as completely preempted by the uniform federal labor law governing a union's duty of fair representation?

   Defendant says "yes"
   Plaintiff says "no"

2. Whether Plaintiff's Section 301 duty of fair representation claim should be dismissed as time barred by the 6 month statute of limitations and failure exhaust internal union remedies?

   Defendant says "yes"

iii

Plaintiff says "no"

3.    Whether Plaintiff's §1981 and ADA claims should be dismissed because they fail to state a claim against the Union Defendant and are based on the actions of Ford Motor Company, and the plaintiff failed to exhaust administrative remedies?

Defendant says "yes"
Plaintiff says "no"

## I.      INTRODUCTION

Plaintiff's claims are preempted by federal labor law and time barred. His Complaint should be dismissed.

Ford Motor Company terminated Plaintiff in 2019. Plaintiff was represented by UAW Local 600 (hereinafter "Local 600"). Local 600 filed a grievance on Plaintiff's behalf. Local 600 is an authorized local of the International Union, UAW (Union Defendant).  Plaintiff's grievance was withdrawn. Plaintiff never appealed the decision to withdraw his grievance through the union's internal appeals process.

On January 25, 2022, Plaintiff filed a Duty of Fair Representation (DFR) charge with the National Labor Relations Board (NLRB). The NLRB dismissed the charge on February 9, 2022.

Plaintiff now files this Complaint, which claims that the employer terminated him in violation of the collective bargaining agreement and that the Union Defendant did not properly represent him.

For the following reasons, Plaintiff's claims against the UAW must be dismissed under 12(b)(6):

*First*, Plaintiff's claims fail because to the extent he is attempting to plead a state-law intentional infliction of emotional distress cause of action, it is completely preempted by the uniform federal labor law governing a union's duty of fair representation. *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union,*

1

*Loc. No. 173*, 983 F.2d 725, 728–29 (6th Cir. 1993). Plaintiff's claim for intentional infliction of emotional distress is a state law tort claim. However, there are no allegations outside the scope of the grievance process. The claims must be viewed as claims that the union breached its duty of fair representation. Alternatively, Plaintiff's claims could be characterized as a "hybrid" claim under Section 301 of the LMRA, 29 U.S.C. § 185. In any event, they are preempted by federal labor law and must be dismissed.

*Second,* Plaintiff's allegations, which necessarily assert claims under Section 301 that Union Defendant breached the duty of fair representation ("DFR") and that the employer defendant terminated him in violation of the collective bargaining agreement, are subject to a six-month statute of limitations and are time barred. *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 169-170 (1983).

*Third,* Plaintiff fails to allege any actions by Union Defendant in violation of Section 1981 or the ADA. The allegations are entirely based on the actions of Ford Motor Company. Plaintiff also failed to exhaust administrative remedies with regards to his ADA claim.

## II.    FACTS

Plaintiff became an employee of Ford Motor Company and a member of UAW Local 600 in March of 2019.Amended Complaint, ECF No. 13, PageID 100, ¶10.

In June of 2019, Plaintiff was terminated from his employment. *Id* , PageID 100, ¶ 11. The Termination occurred during Plaintiff's 90-day probationary period. *Id*, PageID 100, ¶ 12. Despite this, Local 600 filed a grievance over the termination. Id, PageID 100-101 ¶ 13-14. Plaintiff was notified his grievance was withdrawn after step 3 on July 30, 2021. Amended Complaint, ECF No. 13, PageID 101, ¶13; (**Exhibit A**, Withdrawal Letter)[1]. Plaintiff never appealed the decision to withdraw his grievance under Article 33 of the UAW constitution.

On January 25, 2022, Plaintiff filed a charge with the National Labor Relations Board alleging Local 600 had breached its duty of fair representation by failing to take his grievance to arbitration. Amended Complaint, ECF No. 13, PageID 101 ¶ 14-15; (**Exhibit B**, NLRB Charge). Plaintiff's charge was dismissed

---

[1] While a court generally should not consider matters outside the pleadings without converting a Rule 12(b)(6) motion to a summary judgment motion, "if a plaintiff fails to attach an instrument upon which he relies, the defendant may introduce the pertinent exhibit." *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 720-721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Id.* citing *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir.1997); *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Documents introduced by a defendant should be considered if they are "referred to in the plaintiff's complaint" and "are central to the plaintiff's claims." *Weiner,* 108 F.3d at 89. Plaintiff has incorporated documents relating to withdrawal of his grievance. Amended Complaint, ECF No. 13, PageID 101, ¶13; His  NLRB Charge. *Id.* PageID 101, ¶ 14-15; And dismissal of his NLRB Charge. *Id*. PageID 101, ¶ 15. These documents are central to Plaintiff's complaint that the Defendant breached its duty of fair representation.

on February 9, 2025. (**Exhibit C**, NLRB Dismissal Letter).

More than three years after the CB Charge was dismissed, and 6 years after his termination, Plaintiff filed this case, alleging the same facts.

## III.   ARGUMENT

### A.   Standard of Review

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.   Plaintiff's Claims Intentional Infliction of Emotional Distress Claim Derives from a Collective Bargaining Agreement and the Duties Owed by a Union to its Members Under Federal Labor Law and are Accordingly Preempted

It is unclear whether Plaintiff intends to assert Count IV against the Union Defendant. The Union conservatively assumes that he has asserted it against them.

4

Plaintiff's claims are not properly framed as state law violations but are necessarily federal labor law claims.

In *Gilreath v. Clemens & Co.*, 212 F. App'x 451 (6th Cir. 2007), the court found that § 301 does not unequivocally preempt claims of intentional infliction of emotional distress. Instead, the court looks at whether Plaintiff's intentional infliction of emotional distress claim is independent of the CBA governing his employment. *Id* at 453. Furthermore, when determining whether proof of the state law claim involves the interpretation of the collective bargaining agreement, "the court is not bound by the "well-pleaded complaint" rule, but rather, looks to the essence of the plaintiff's claim. *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).

A breach of the duty of fair representation occurs when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). "A union acts in bad faith when it acts with an improper intent, purpose, or motive encompassing ***fraud, dishonesty, and other intentionally misleading conduct***." *Merritt v. Int'l Ass'n of Machinists Aerospace Workers*, 613 F.3d 609, 619 (6th Cir. 2010) (emphasis added, internal quotations and alterations omitted). The duty of fair representation "applies in all contexts of union activity, including contract negotiation, administration, enforcement, and ***grievance processing***." *Id.* (emphasis added).

The essence of Plaintiff's claim is that the Union, in choosing not to take Plaintiff's grievance to arbitration: 1) acted with intent or reckless disregard for the

5

probability of causing emotional distress and; 2) the decision not take the grievance to arbitration was "extreme and outrageous conduct that no person in a civilized society should be expected to endure." Complaint, ECF No. 13, PageID 104, ¶36.

Plaintiff's claim that Defendant Union acted outrageously in withdrawing his grievance is necessarily a claim that Defendant breached the duty to fairly represent Plaintiff.

Alternatively, because Plaintiff filed his action against both the employer and the union and ostensibly alleges that the collective bargaining agreement has been violated, he is asserting a "hybrid" DFR/breach of contract claim under LMRA Section 301. To prove a hybrid 301 violation, a Plaintiff must prove both a breach of the duty of fair representation by the union and a breach of the collective bargaining agreement by the employer.

Based upon the facts described above, the allegedly culpable actions taken by the Defendant are directly related to the union's duty to fairly represent the Plaintiff in the grievance process and fall squarely within the purview of Sec. 301.

In short, these are federal labor law claims, not state law claims.

Sixth Circuit precedent is overwhelming and clear: Claims implicating the duty of fair representation are preempted by federal law[2]. Whether union conduct

---

[2] *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local 173*, 983 F.2d 725, 728 (6th Cir. 1993); *Welch v. General Motors*, 922 F.2d 287, 293-294 (6th Cir. 1990); *Jones v. Truck Drivers Local 299*, 838 F.2d 856, 861 (6th Cir. 1988); *Maynard v. Revere Copper Products, Inc.*, 733 F.2d 733, 735 (6th Cir.

constitutes a breach of the duty of fair representation is a question of federal law. *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299 (1971). "The doctrine of preemption is firmly established in labor law. The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress as to foreclose state regulation." *Maynard v. Revere Copper Prod., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985).

Plaintiff cannot avoid preemption by pleading state-law claims to indirectly allege a breach of the duty of fair representation. Plaintiff's allegations against the Defendant are solely related to whether they fulfilled their duty to fairly represent him during his grievance proceedings.

Preemption is equally applicable in hybrid DFR/Section 301 claims in which plaintiffs must prove both a breach of the duty of fair representation by the union and a breach of the bargaining agreement by the employer. In these cases, under what is known as the "artful pleading doctrine," a plaintiff is not allowed to alter their claims to defeat preemption.

Plaintiff's complaint does little to disguise his claim of duty of fair representation claim as a state-law intentional infliction of emotional distress claim. All the allegations against the Defendant arise from the way in which his termination grievance was handled.

---

1985); *Lunn v Aramark*, 2020 WL 871297 (E.D. Mich., Feb. 21, 2020);

The Supreme Court has long held that LMRA Section 301 preempts state law rules that substantially implicate the interpretation of the terms of collective bargaining agreements. *Allis-Chalmers v. Lueck*, 471 U.S. 202, 210 (1985). This includes claims for intentional infliction of emotional distress. See, *Adkins v. General Motors Corp.*, 946 F.2d 1201, 1208–1213 (6th Cir. 1991) (claims for fraud, tortious interference with contract and intentional infliction of emotional distress preempted).

The Sixth Circuit employs a two-part test to determine whether preemption applies:

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms… Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.

*DeCoe v. Gen. Motors Corp*., 32 F.3d 212, 216 (6th Cir. 1994).

Plaintiff's complaint is based solely on grievance rights under the CBA and thus subject to preemption. Plaintiff's entire claim is based on the Defendant's failure to advance his grievance to arbitration. The ability to bring grievance at all only exists because of the collective bargaining agreement. To ascertain whether the Defendant violated the duty to advance to arbitration, the court would necessarily have to interpret the terms of the collective bargaining agreement. Therefore, Plaintiff fails to avoid preemption under both prongs of the test articulated in *DeCoe*.

8

Plaintiff's claim is clearly preempted by federal labor law.

**C.    Plaintiff's Claims, Framed Appropriately, Must Be Dismissed Because They Are Untimely and He Failed To Exhaust Internal Union Remedies.**

Plaintiff's claims, properly framed, are subject to a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–70 (1983). The statute of limitations is measured from the date on which the employee knew or should have known of the union's or employer's final actions constituting the alleged violations, whichever occurred later. *Hollingsworth v. Ford Motor Co.*, 644 F. App'x 496, 501 (6th Cir. 2016).

Plaintiff was aware that his grievance was withdrawn when he filed a CB Charge on January 25, 2022. (**Exhibit B**, NLRB Charge). Even if he found out that day, the statute of limitations would have run on June 25, 2022. The present action wasn't filed until June 20, 2025, almost 3 years later. Plaintiff's claim is untimely under even the most favorable scenario.

Plaintiff's action is barred for the independent reason that he failed to exhaust mandatory internal union remedies. "Exhaustion of union appeals procedures is usually required before maintenance of a §301 suit unless resort to the procedures is demonstrably futile." *Monroe v. UAW*, 723 F.2d 22, 24 (6th Cir. 1983), citing *Clayton v. UAW*, 451 U.S. 679 (1981). The exhaustion doctrine is subject to district court discretion, based on the three factors identified in *Clayton*, which weigh against exhaustion only when internal union procedures are futile because of

9

demonstrated union hostility, or cannot provide adequate relief, or would engender unreasonable delay. 451 U.S. at 698, quoted in *Cotter*, 87 F. Supp. 2d at 755. A plaintiff's "unexcused failure to exhaust his intraunion remedies ... mandates dismissal." Id.

In the present matter, Plaintiff failed to avail himself of the Union's internal appeals process. This unexcused failure mandates dismissal.

### D.   Plaintiff's 1981 and ADA Claims Are Not Based on Actions of The Union and Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff's complaint in Paragraph 1 alleges violations of 42 U.S.C. §1981 and 42 U.S.C §12101 only against Ford Motor Company. Amended Complaint, ECF No. 13, PageID 99, ¶1. A plain reading of the allegations demonstrate that those claims are only brought against Ford Motor Company. Counts 1 and 2 allege no conduct, much less discriminatory conduct, on the part of Union Defendant, and state no legally cognizable claim against Union Defendant. Counts 1 and 2 allege that Plaintiff was subjected to "negative employment activities" and "retaliation for his protected accommodation and protected complaints." Complaint, ECF No. 13, PageID 101-102, ¶17-24. Defendant Union was not Plaintiff's employer and had no role in deciding to terminate him or subjecting him to "negative employment activities."

However, in Counts 1 and 2 of the complaint, Plaintiff uses the plural "Defendants". Id PageID 101-102 ¶16-27. Out of an abundance of caution, Union

10

Defendant will respond to these allegations. To the extent that any of these additional claims are intended to be asserted against Defendant Union, they are unwarranted on their face and should be dismissed under Rule 12(b)(6).

First, as noted above, the claims themselves allege no wrongdoing by the Union and in no way state any facts that could lead to any finding of discrimination on behalf of the Union.

Furthermore, the exhaustion of administrative remedies is a condition precedent to an ADA action. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000). To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. See 42 U.S.C. § 2000e–5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. See 42 U.S.C. § 2000e–5(f)(1).

Plaintiff has not attached a right to sue letter to their complaint, and Union Defendant is not aware of any EEOC charge filed against it by the Plaintiff. Thus, Plaintiff has failed to exhaust administrative remedies, and his complaint must be dismissed.

## IV.    CONCLUSION

Plaintiff's counts alleging conduct of the Union Defendant are preempted by federal labor law and time barred. Plaintiff's other counts are based on the conduct of Ford Motor Company and not the Union Defendant. Defendant respectfully requests this Honorable Court dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

International Union, UAW

By*: /s/ Nicholas Caldwell*
Nicholas Caldwell (P82436)
800 E. Jefferson Ave
Detroit, MI 48214
(313)926-5216
ncaldwell@uaw.net

*Attorney for UAW International*

12

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will serve on all counsel of record.

Respectfully submitted,

International Union, UAW

By: */s/ Nicholas Caldwell*
Nicholas Caldwell (P82436)
800 E. Jefferson Ave
Detroit, MI 48214
(313)926-5216
ncaldwell@uaw.net

*Attorney for UAW International*