UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO WILLIAMS,

        Plaintiff,

v.

FORD MOTOR COMPANY and the
UNITED AUTOMOBILE,
AEROSPACE & AGRICULTURAL
IMPLEMENT WORKERS OF
AMERICA, AFL-CIO (FORD
MOTOR COMPANY),

        Defendants.

Case No. 25-cv-11858

Hon. F. Kay Behm

Magistrate Judge David R. Grand

| LAW OFFICES OF STEPHON JOHNSON, PLLC | JACKSON LEWIS P.C. |
|---|---|
| Stephon E. Johnson (P39546) | Katherine J. Van Dyke (P62806) |
| 18444 West 10 Mile Rd., Suite 204 | Bradley A. Gray (P87244) |
| Southfield, MI  48075 | 2000 Town Center, Suite 1650 |
| (248) 469-8847 | Southfield, MI  48075 |
| stephonjohnsonlaw@gmail.com | (248) 936-1900 |
| Attorneys for Plaintiff | katherine.vandyke@jacksonlewis.com |
| | bradley.gray@jacksonlewis.com |
| | Attorneys for Defendant Ford Motor Company |
| | |
| | INTERNATIONAL UNION, UAW |
| | Nicholas J. Caldwell (P82436) |
| | Associate General Counsel |
| | 8000 E. Jefferson Avenue |
| | Detroit, MI  48214 |
| | ncaldwell@uaw.net |
| | Attorney for Defendant UAW |

**DEFENDANT FORD MOTOR COMPANY'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Ford Motor Company ("Ford") moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims against it in its entirety.

As set forth more fully in the accompanying Brief in Support, Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff's ADA claims are additionally barred for failure to exhaust administrative remedies. Because these defects are apparent on the face of the Complaint and cannot be cured by amendment, dismissal with prejudice is required.

Pursuant to Local Rule 7.1, Ford's counsel sought concurrence from Plaintiff's counsel on March 25, 2026, but concurrence was not obtained.

WHEREFORE, Ford respectfully requests that this Court grant its Motion to Dismiss, dismiss the First Amended Complaint with prejudice, and award such further relief as the Court deems appropriate.

> Respectfully submitted,
> JACKSON LEWIS P.C.
>
> */s/Bradley A. Gray*
> Katherine J. Van Dyke (P62806)
> Bradley A. Gray (P87244)
> Attorney for Defendant
> 2000 Town Center, Suite 1650
> Southfield, MI  48075
> (248) 936-1900
> katherine.vandyke@jacksonlewis.com
> bradley.gray@jacksonlewis.com

Dated: March 25, 2026

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO WILLIAMS,

           Plaintiff,

v.

FORD MOTOR COMPANY and the
UNITED AUTOMOBILE,
AEROSPACE & AGRICULTURAL
IMPLEMENT WORKERS OF
AMERICA, AFL-CIO (FORD
MOTOR COMPANY),

           Defendants.

Case No. 25-cv-11858

Hon. F. Kay Behm

Magistrate Judge David R. Grand

| | |
|---|---|
| LAW OFFICES OF STEPHON JOHNSON, PLLC<br>Stephon E. Johnson (P39546)<br>18444 West 10 Mile Rd., Suite 204<br>Southfield, MI  48075<br>(248) 469-8847<br>stephonjohnsonlaw@gmail.com<br>Attorneys for Plaintiff | JACKSON LEWIS P.C.<br>Katherine J. Van Dyke (P62806)<br>Bradley A. Gray (P87244)<br>2000 Town Center, Suite 1650<br>Southfield, MI  48075<br>(248) 936-1900<br>katherine.vandyke@jacksonlewis.com<br>bradley.gray@jacksonlewis.com<br>Attorneys for Defendant Ford Motor<br>Company<br><br>INTERNATIONAL UNION, UAW<br>Nicholas J. Caldwell (P82436)<br>Associate General Counsel<br>8000 E. Jefferson Avenue<br>Detroit, MI  48214<br>ncaldwell@uaw.net<br>Attorney for Defendant UAW |

**DEFENDANT FORD MOTOR COMPANY'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ............................................................. iii

CONTROLLING AND MOST APPROPRIATE AUTHORITY ........................... iv

I.    INTRODUCTION.................................................................................................1

II.   FACTUAL BACKGROUND .................................................................................2

III.  STANDARD OF REVIEW ...................................................................................3

IV.  ARGUMENT........................................................................................................3

   A.  Plaintiff's Section 1981 Claims Are Barred by the Four-Year Limitations Period .....................................................................................................................3

   B.  Plaintiff's ADA Discrimination and Retaliation Claims are Time Barred ......5

     1.  Plaintiff's Failure to Exhaust His Administrative Remedies Bars His ADA Claims ...................................................................................................6

     2.  Alternatively, Plaintiff's ADA Claims Are Time Barred ...........................7

   C.  Plaintiff's ELCRA Race Discrimination Claims Are Barred by Michigan's Three-Year Limitations Period .........................................................................7

   D.  Plaintiff's Intentional Infliction of Emotional Distress Claim Is Time Barred..................................................................................................................9

V.  CONCLUSION ...................................................................................................10

## STATEMENT OF ISSUES PRESENTED

A. Should Plaintiff's federal discrimination and retaliation claims under 42 U.S.C. §1981 be dismissed where the Complaint alleges that all material events occurred in 2019, but suit was not filed until October 2025?

Ford answers:     Yes

Plaintiff answers:  Plaintiff did not respond to Ford's request for its position pursuant to Local Rule 7.1.

B. Should Plaintiff's claims under the Americans with Disabilities Act be dismissed where the Complaint contains no allegation that Plaintiff filed a timely EEOC charge within the 300-day statutory period, rendering the ADA claims both unexhausted and untimely?

Ford answers:     Yes

Plaintiff answers:  Plaintiff did not respond to Ford's request for its position pursuant to Local Rule 7.1.

C. Should Plaintiff's state-law discrimination claim under Michigan's Elliott–Larsen Civil Rights Act be dismissed as it is barred by the three-year statute of limitations where all alleged discriminatory conduct occurred in 2019, and no actionable conduct is alleged within the limitations period?

Ford answers:     Yes

Plaintiff answers:  Plaintiff did not respond to Ford's request for its position pursuant to Local Rule 7.1.

D. Should Plaintiff's intentional infliction of emotional distress claim be dismissed as it is barred by Michigan's three-year statute of limitations where all alleged wrongful conduct occurred in 2019 and the Complaint contains no allegation of any later tortious act?

Ford answers:     Yes

Plaintiff answers:  Plaintiff did not respond to Ford's request for its position pursuant to Local Rule 7.1.

iii

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

**Cases:**

*AMTRAK v. Morgan*, 536 U.S. 101 (2002)

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

*Collins v. Comerica Bank,* 468 Mich. 628 (2003)

*Garg v. Macomb Cnty. Cmty. Mental Health Servs.,* 472 Mich. 263; N.W.2d (2005)

*Grain v. Trinity Health,* 431 F. App'x 434 (6th Cir. 2011)

*Hoover v. Timken Co.*, 30 F. App'x 511 (6th Cir. 2002)

*Lemmerman v. Fealk,* 449 Mich. 56; N.W.2d (1995)

*Jones v. Bock,* 549 U.S. 199 (2007)

*Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)

*Nelson v. Ho*, 222 Mich. App. 74; N.W.2d (1997)

*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir. 2000)

*Sharpe v. Cureton*, 319 F.3d 259 (6th Cir. 2003)

**Statutes:**

42 U.S.C. § 12117(a)

42 U.S.C. § 1981

28 U.S.C. § 1658

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws 37.2101 *et seq.*

Mich. Comp. Laws 600.5805(2)

Mich. Comp. Laws 600.5827

**Other Authorities:**

Fed. R. Civ. P. 12(b)(6)

v

## I.    INTRODUCTION

Defendant Ford Motor Company ("Ford") moves to dismiss Plaintiff's First Amended Complaint ("FAC") in lieu of filing an answer because all claims asserted against Ford are time barred. Plaintiff alleges that his employment, which began at Ford in March of 2019, ended with his discharge in June of 2019, and all alleged conduct forming the basis of his claims occurred during that period. Plaintiff did not file suit until October 21, 2025, more than six years later. Each claim asserted against Ford carries a limitations period that expired years before this lawsuit was filed. Since the untimeliness is clear from the complaint itself, dismissal under Federal Rule of Civil Procedure 12(b)(6) is required.

In addition, Plaintiff's ADA claims fail for the independent and threshold reason that he never has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or an applicable state or local agency as required before bringing suit under the ADA. The FAC contains no allegation that Plaintiff initiated, pursued, or exhausted the mandatory ADA administrative process, nor does it reference any right-to-sue notice. Because ADA exhaustion is a statutory prerequisite to suit, and because Plaintiff's own allegations make clear that he did not invoke the EEOC process at any time following his 2019 termination, his ADA discrimination and retaliation claims are barred and must be dismissed on this basis alone.

## II.   FACTUAL BACKGROUND

According to the FAC,[1] Plaintiff Lorenzo Williams began working for Ford Motor Company at the Dearborn Truck Plant in March 2019. (FAC ¶10.) Plaintiff alleges that Ford terminated his employment only a few months later, in June 2019, during his probationary period. (FAC ¶11.) Following his discharge, Plaintiff asserts that he filed a grievance with his union, the United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW" or "Union"), challenging the termination. (FAC ¶12.)

The grievance allegedly proceeded through the third step of the contractual grievance process but was then withdrawn by the Union. (FAC ¶13.) Plaintiff states that he attempted to appeal the Union's decision internally and then sought relief through the National Labor Relations Board ("NLRB"). (FAC ¶¶14–15.) The NLRB denied Plaintiff's request to file a late appeal and rejected his petition. (FAC ¶¶14–15.)

The FAC contains no allegations that Ford took any further employment-related action against Plaintiff after his June 2019 termination. More than four years later, on December 4, 2023, Plaintiff alleges that a Ford employee made a remark referencing prior litigation when Plaintiff requested a copy of his

---

[1] For purposes of this Motion to Dismiss, Ford recites the allegations as alleged in the FCA but reserves the right to challenge these allegations.

personnel file. (FAC ¶23.) Plaintiff does not allege that this interaction resulted in discipline, reinstatement, hiring, changes to compensation, or any other employment action.

On October 21, 2025, Plaintiff filed this lawsuit, asserting federal and state claims arising entirely from conduct that occurred in 2019. The FAC pleads no newly discovered facts, no concealment, and no actions by Ford within any applicable limitations period, nor does Plaintiff plead that he invoked the EEOC process following his 2019 termination.

## III.   STANDARD OF REVIEW

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) when the allegations, taken as true, fail to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). A complaint may also be dismissed when the statute of limitations bar is apparent on its face. *Jones v. Bock,* 549 U.S. 199, 215, 127 S. Ct. 910, 920 (2007).

## IV.   ARGUMENT

**A.**   **Plaintiff's Section 1981 Claims Are Barred by the Four-Year Limitations Period**

Plaintiff brings race-based discrimination and retaliation claims against Ford under 42 U.S.C. § 1981, asserting that Ford's actions in connection with his employment and termination were unlawfully motivated by race; however, as demonstrated below, Plaintiff's Section 1981 claims are barred by the applicable

3

four-year federal statute of limitations and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The Supreme Court in *Jones v. R.R. Donnelley & Sons Co*, held that the four-year statute of limitations established in 28 U.S.C. § 1658 governs all Section 1981 claims made possible by amendments enacted in 1991, including claims for wrongful termination, retaliation, hostile work environment, and any other claims based on conduct occurring after the employment contract is formed. *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004).

Here, Plaintiff's claims arise solely from his employment relationship with Ford and from his discharge. These claims unquestionably fall within the scope of Section 1658 and are therefore subject to the four-year statute of limitations. Plaintiff's FAC leaves no doubt as to when the alleged actions giving rise to his Section 1981 claims occurred. Plaintiff began employment in March 2019. (FAC ¶10.) Plaintiff was terminated in June 2019. (FAC ¶11.) All alleged discriminatory or retaliatory actions by Ford took place during this period, and no further adverse employment actions are alleged after the June 2019 termination.

Under well-established principles, a Section 1981 claim accrues at the time of the discriminatory act, not the point at which the consequences of the act become painful. *Grain v. Trinity Health,* 431 F. App'x 434, 449 (6th Cir. 2011). Thus, Plaintiff's Section 1981 claims accrued in 2019, and the four-year limitations period

4

expired no later than 2023. Plaintiff did not file suit until October 21, 2025, approximately six years after his termination. Therefore, Plaintiff's claims here are untimely on their face.

Moreover, Plaintiff attempts to reference a December 4, 2023 comment made by a Ford employee noting that Plaintiff "is one of the Plaintiffs at 4763." (FAC ¶23.) Even accepting this allegation as true, it has no legal effect on the statute of limitations because Plaintiff identifies no adverse employment action related to this comment. This is particularly notable given that Plaintiff was discharged four years prior to this alleged comment. The Sixth Circuit does not recognize continuing violation theories for discrete acts of discrimination or retaliation. *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). Since termination is a discrete act, a later, unrelated comment cannot restart the clock. *See AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002). Thus, the December 2023 comment cannot salvage Plaintiff's long expired Section 1981 claims.

Because Plaintiff's Section 1981 discrimination and retaliation claims expired more than two years before this suit was filed, and because no amendment would cure the statute of limitations bar, dismissal with prejudice is appropriate.

**B.     Plaintiff's ADA Discrimination and Retaliation Claims are Time Barred**

Plaintiff also alleges that Ford discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

The ADA claims, however, fail as a matter of law for two independent reasons: (1) Plaintiff did not file a timely administrative charge with the EEOC within the required 300-day window; and (2) the claims are years outside the statute of limitations applicable to ADA civil actions. Both defects appear clearly on the fact of the FAC and warrant dismissal under Fed. R. Civ. P. 12(b)(6).

   **1. Plaintiff's Failure to Exhaust His Administrative Remedies Bars His ADA Claims**

The ADA incorporates Title VII's charge-filing requirements. *See* 42 U.S.C. § 12117(a). Accordingly, a plaintiff must file a charge of discrimination within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). A civil action cannot proceed unless the plaintiff has exhausted administrative remedies, including a receipt of a right-to-sue notice. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). The failure to file a timely administrative charge is fatal: An untimely or absent charge deprives a plaintiff of the ability to bring an ADA claim in federal court. *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002). Indeed, the Sixth Circuit routinely dismisses ADA claims filed outside the 300-day charge window. *See, e.g., Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).

Here, the FAC does not allege that: (1) Plaintiff filed an ADA charge, (2) that he contacted the EEOC, (3) that he received a right-to-sue letter, or (4) that he pursued any ADA-related administrative process. Instead, Plaintiff alleges only that

6

he pursued an internal grievance with the Union, and that he appealed to the NLRB. (FAC ¶¶12-15.)

Neither the union grievance nor an NLRB filing satisfies ADA exhaustion requirements. The Sixth Circuit is unequivocal that administrative exhaust under the ADA is mandatory. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d at 309. Thus, Plaintiff's ADA claims must be dismissed for failure to exhaust administrative remedies, standing alone.

### 2.  Alternatively, Plaintiff's ADA Claims Are Time Barred

Plaintiff has not alleged that any charge was filed in this matter with an appropriate agency, and Plaintiff has filed this civil action more than five years after the expiration of the 300-day administrative window. Thus, Plaintiff's ADA claims are time-barred as a matter of law.

As discussed in more detail previously, Plaintiff attempts to reference a later administrative interaction in December 2023, but this interaction does not constitute an adverse employment action, does not relate to disability, and for the reasons previously discussed, does not revive claims that expired years earlier. Because the ADA claims are untimely by several years, and incapable of being cured through amendment, dismissal with prejudice is warranted.

### C.  Plaintiff's ELCRA Race Discrimination Claims Are Barred by Michigan's Three-Year Limitations Period

Plaintiff asserts a race-based discrimination claim against Ford under

Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws 37.2101 *et seq*. As with Plaintiff's federal discrimination claims, his ELCRA claim is facially untimely. Michigan law imposes a strict three-year statute of limitations on ELCRA actions, and that period expired years before this lawsuit was filed. Plaintiff's ELCRA claim fails as a matter of law and must be dismissed under Fed. R. Civ. P. 12(b)(6).

Michigan courts consistently hold that claims brought under ELCRA are subject to the three-year statute of limitations found in Mich. Comp. Laws 600.5805(2). *See Garg v. Macomb Cnty. Cmty. Mental Health Servs.,* 472 Mich. 263, 285; 696 N.W.2d 646, 659 (2005) (noting that the three-year period applies to ELCRA claims and continuing-violation doctrine abolished for discrete acts). ELCRA's limitation period accrues upon the occurrence of a discrete discriminatory act, including termination, discipline, demotion, or other adverse employment actions. Mich. Comp. Laws 600.5827. Termination is a discrete action that triggers the accrual of an ELCRA claim the moment the employee learns of it. *Collins v. Comerica Bank,* 468 Mich. 628, 631; 664 N.W.2d 713, 715 (2003) (stating that the statute of limitations for discriminatory discharge accrues on date of discharge). Thus, the statute of limitations for Plaintiff's ELCRA claim is unequivocally three years.

Here, Plaintiff's employment began in March 2019 and ended when Ford

8

terminated Plaintiff's employment in June 2019. (FAC ¶11.) As pled, alleged discriminatory treatment took place during the few months Plaintiff was employed. Since Plaintiff knew of the alleged discrimination and termination in 2019, the statute of limitations for any alleged discriminatory acts expired three years later in 2022. Plaintiff filed this lawsuit in October 2025, more than three years after the limitations period expired.

To the extent Plaintiff might attempt to rely on a "continuing violation" or "ongoing injury" theory to push the statute forward, Michigan law forecloses such arguments. The Michigan Supreme Court in *Garg* expressly abolished the continuing-violations doctrine for ELCRA claims involving discrete acts, holding that "[t]he 'continuing violations' doctrine is contrary to Michigan law." *Garg*, 696 N.W.2d at 659.

Therefore, Plaintiff cannot extend or revive his 2019 ELCRA claim by pointing to any later interactions, administrative proceedings, or comments. Since Plaintiff alleges no ELCRA based conduct occurring within the limitations period, dismissal with prejudice is required.

**D.** **Plaintiff's Intentional Infliction of Emotional Distress Claim Is Time Barred**

Plaintiff also asserts a state-law claim for intentional infliction of emotional distress ("IIED") arising out of Ford's alleged conduct during his short employment in 2019.

9

Michigan law applies a three-year statute of limitations to IIED claims because IIED is treated as a personal injury tort under MCL 600.5805(2). *Nelson v. Ho*, 222 Mich. App. 74, 85; 564 N.W.2d 482, 487 (1997). An IIED claim accrues at the time of the allegedly tortious conduct. *See Lemmerman v. Fealk,* 449 Mich. 56, 63-64, 534 N.W.2d 695, 697 (1995).

As with the above claims, Plaintiff makes no allegations as to conduct by Ford in his Complaint aside from an administrative interaction in December 2023. The allegations supporting Plaintiff's IIED claim are explicitly tied to Ford's alleged discriminatory treatment during early 2019, Ford's decision to terminate Plaintiff in June 2019, and Ford's alleged handling of workplace issues prior to separation. (FAC ¶¶35–39.) Thus, Plaintiff had until June 2022 at the latest to bring an IIED claim. Filing suit in October 2025, more than six years after the alleged events, renders the claim untimely on its face. Accordingly, Plaintiff's IIED claim is three years out of time, and dismissal is required.

## V.   CONCLUSION

For the foregoing reasons, Ford respectfully requests that the Court:

1.    Grant Defendant Ford Motor Company's Motion to Dismiss;

2.    Dismiss Plaintiff's First Amended Complaint as to Defendant Ford Motor Company in its entirety with prejudice; and

3.    Award any other relief the Court deems appropriate.

10

Respectfully submitted,
JACKSON LEWIS P.C.

*/s/ Bradley A. Gray*
Katherine J. Van Dyke (P62806)
Bradley A. Gray (P87244)
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
katherine.vandyke@jacksonlewis.com
bradley.gray@jacksonlewis.com

Dated: March 25, 2026

Attorneys for Defendant Ford Motor
Company

## CERTIFICATE OF SERVICE

On this day March 25, 2026, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

*/s/Bradley A. Gray*
Bradley A. Gray (P87244)

4896-7907-0874, v. 1

11